UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN KING,

       Plaintiff,

v.                                                               Case No. 2:07-cv-133
                                                               HON. GORDON J. QUIST
JERI-ANN SHERRY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kevin King filed this prisoner 42 U.S.C. § 1983 action against defendants Chippewa Correctional Facility Warden Jeri-Ann Sherry, Deputy Warden John Boynton, and RUM D. Mansfield. Plaintiff was transferred to the Chippewa Correctional Facility on January 19, 2007. Plaintiff alleges that upon transfer he requested a non-smoking placement. Instead, he was placed in a housing unit where prisoners smoke every day, subjecting plaintiff to Environmental Tobacco Smoke (ETS). Plaintiff was issued a Special Accommodation Notice for smoke free housing because of his serious medical need to be free from ETS exposure. Plaintiff asserts that he has never been moved to a smoke free environment despite defendants' awareness that prisoners smoke in the housing unit. Plaintiff has asserted that the guards simply write prisoners misconduct tickets for smoking and that there are a number of repeat offenders in his housing unit. Plaintiff moves for equitable relief and damages. Defendants move for summary judgment.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party

establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff's claims for damages should be dismissed based upon qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An

"objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite:  First, we determine whether a constitutional violation occurred;  second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful.  Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff.  Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998).  Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible

than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir.

1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

Defendants argue that they are entitled to qualified immunity because there exists no clearly established right for a prisoner to live in a smoke free environment. Defendants also assert that there exists no evidence that they acted in an objectively unreasonable manner. Plaintiff has alleged that he was subjected to ETS and that his special accommodation for a smoke free environment was ignored.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich* , 148 F.3d 596, 600-601 (6th Cir. 1998), *cert. denied*, 119 S. Ct. 1028 (1999). Moreover, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. The federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

In order to set forth an Eighth Amendment claim based on exposure to ETS, plaintiff must demonstrate that he was exposed to unreasonably high levels of ETS, that there is more than a statistical probability that he will be injured by ETS, and that involuntary exposure to ETS violates contemporary standards of decency. *See Helling v. McKinney*, 509 U.S. 24, 35-36, 113 S. Ct. 2475, 2482 (1993). In addition, Plaintiff must also demonstrate that his exposure to ETS was the result of deliberate indifference on the part of defendants. *Helling*, 509 U.S. at 36-37, 113 S. Ct. at 2482. Thus "the test for determining whether a prisoner's Eighth Amendment rights have been violated due to ETS exposure contains both an objective and a subjective component." *Henderson v. Martin,* 73 Fed. Appx. 115, 117. The objective component analyzes whether the Plaintiff has a serious medical need to be free of ETS. The subjective component analyzes whether the Defendants demonstrated a deliberate indifference to this serious medical condition.

In *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Circ. 1992), the Sixth Circuit stated that "mere exposure to Environmental Tobacco Smoke ("ETS") without more, does not constitute a deprivation of a prisoner's Eighth Amendment Right." The Sixth Circuit noted that, "the issue then is whether the prisoners' pre-existing medical conditions are such that exposing them to ETS represents a serious health threat or constitutes mere discomfort." *Id.*

Prisoners who demonstrate a serious medical condition are entitled to relief under the Eighth Amendment, which includes appropriate medical treatment and possibly removal from the space where smoke hovers. *Talal v. White,* 403 F.3d 423, 427 (6th Circ. 2005). In *Talal*, the prisoner was found to have satisfied the objective component of the Eighth amendment analysis. The prisoner was able to establish that smoke actually caused his sinus problems and dizziness and also demonstrated that the medical staff, on several occasions, had made recommendations that he be placed in a non-smoking unit.

Defendants are correct that not every prisoner is required to be placed in an environment that is free of ETS. However, that is not the issue presented in this case. Plaintiff had a Special Accommodation Notice to be free of ETS due to a serious medical need. Plaintiff clearly made this allegation in his complaint but defendants have chosen to ignore the allegation. A question of fact exists as to why the Special Accommodation Notice was ignored. Defendants have merely asserted in their affidavits that they were not aware of the Special Accommodation Notice, but have not explained why they were not aware of the Special Accommodation Notice, or why a Special Accommodation Notice would even be given if the Warden, Deputy Warden and Resident Unit Manager would never receive knowledge of the notice. It appears that the procedures for notification have now changed regarding Special Accommodation Notices to ensure that oversights, such as what apparently happened in this case, will no longer occur.

Defendants' qualified immunity argument is not well taken. Plaintiff had a Special Accommodation Notice to be free of ETS exposure. That notice was apparently ignored, or never processed. Defendants, who were in a position to do something about the Special Accommodation Notice, have asserted that they were unaware of the notice. Why the defendants were unaware remains a mystery. Plaintiff had made numerous complaints to defendants, but apparently he needed

to make more complaints because although he has documented those complaints which occurred from the time he transferred to the facility through the time he filed his lawsuit, defendants have asserted that they were not personally involved in any alleged violation. Defendants had the power to do something and all of the defendants knew of plaintiff's complaints. Plaintiff attempted to notify defendants of his problem. Defendants have failed to address the allegations of plaintiff's complaint or explain their ignorance of plaintiff's situation in their motion.

Similarly, defendants argue that plaintiff's request for injunctive relief is now moot, because plaintiff is now in a smoke free facility. Defendants assert that on August 23, 2007, plaintiff and his cell mate completed a Tobacco-Free Housing form and the prison designated plaintiff's cell as tobacco free. This still ignores plaintiff's complaint. Plaintiff never alleged that ETS was originating from his cell. Plaintiff maintains the ETS was coming from outside plaintiff's cell. The act of signing a piece of paper did not place plaintiff in a different position. Plaintiff is still housed in the same cell, in the same unit, near the same prisoners who repeatedly violate the rules against smoking. Plaintiff has shown that prisoners frequently violate the rules in his unit. Defendants have argued in their brief that prisoners who violate the rule and smoke in the housing unit are moved out of the unit. However, plaintiff has shown that a number of repeat offenders are in the housing unit. In the opinion of the undersigned, defendants have failed in their burden to establish summary judgment.

Plaintiff has filed a motion for a preliminary injunction to be placed in an environment free of ETS exposure. Plaintiff is currently housed in a smoke free facility. Nevertheless, he argues that prisoners violate the rules and smoke inside the facility. Plaintiff has asserted that he is subjected to ETS. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d

1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A question of fact clearly exists at this point on this issue. Whether a preliminary injunction should be granted is not answered by the pleadings. In the opinion of the undersigned, plaintiff should be appointed counsel and the motion for preliminary injunction should be set for hearing.

In summary it is recommended that defendants' motion for summary judgment (Docket #10) be denied. It is further recommended that counsel be appointed for plaintiff and plaintiff's motion for a preliminary injunction (Docket #9) be set for hearing.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 14, 2008