UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN KING,

       Plaintiff,

v.                                                                  Case No. 2:07-cv-133
                                                                HON. GORDON J. QUIST
JERI-ANN SHERRY, et al.,

       Defendants.
_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 14, 2008. The Report and Recommendation was duly served on the parties. The Court has received objections from defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

       Plaintiff filed this 42 U.S.C. § 1983 complaint alleging that Defendants have violated – and are continuing to violate – the Eight Amendment by failing to remove him from exposure to Environmental Tobacco Smoke ("ETS"). Plaintiff alleges that upon his transfer to Chippewa Correctional Facility on January 19, 2007, he requested a non-smoking placement. On March 13, 2007, Plaintiff received a Special Accommodation Notice to be placed in a tobacco-free environment for health reasons. Neither the notice nor any other evidence in the record discloses how Plaintiff's health is affected by exposure to ETS. Under the governing procedure at the time, copies of the Special Accommodation Notice were given to Plaintiff to forward to the necessary

prison personnel. Defendants allege that they were not aware of the notice until August 21, 2007. However, Plaintiff filed several grievances complaining of his exposure to smoke, and his wife contacted prison personnel several times complaining of the same, though none of the complaints specifically mentioned the Special Accommodation Notice.

Plaintiff filed this lawsuit against Defendants in their individual capacity seeking monetary damages and injunctive relief. Plaintiff has also filed a motion for a preliminary injunction. Defendants moved for summary judgment. Primarily, Defendants argue that Plaintiff cannot demonstrate a constitutional violation because they placed Plaintiff in a tobacco-free cell once they learned of his accommodation and he completed the necessary paperwork. Under prison policies, smoking is prohibited in all buildings. However, prison policies allow for tobacco-free areas where possession of tobacco related products is prohibited. Plaintiff alleges that although he is in a tobacco-free cell, Defendants still violate the Eight Amendment because prisoners outside his cell continue to smoke and that smoke continues to bother him in his cell. Plaintiff argues that Defendants should group the tobacco-free cells together, or take other corrective measures, to prevent his exposure to ETS. Defendants argue that they complied with the Eighth Amendment by prohibiting smoking in all buildings, enforcing that policy, and giving Plaintiff a tobacco-free cell. Additionally, Defendants assert the defense of qualified immunity for monetary damages.

In his report and recommendation, the magistrate concluded that there remain genuine issues of material facts regarding whether Defendants violated the Eighth Amendment, whether Defendants were entitled to qualified immunity, and whether Plaintiff was entitled to a preliminary injunction. Defendants filed objections to each of the magistrate's conclusions.

The Sixth Circuit has provided the following analysis for determining when a prisoner's exposure to ETS violates the Eighth Amendment:

> "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain'" on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To satisfy the objective component, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir.1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36, 113 S.Ct. 2475. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. Id. at 32, 113 S.Ct. 2475.

*Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005).

Plaintiff has alleged that exposure to ETS causes him physical problems. The Special Accommodation Notice evidences this, and Defendants have not put forward any evidence concerning how Plaintiff is affected by exposure to ETS. Thus, the Court agrees with the magistrate that there is a genuine issue of material fact whether Plaintiff can satisfy the objective component of his Eight Amendment claim.

Defendants primarily argue that Plaintiff cannot satisfy the subjective component of his claim. Defendants contend that Plaintiff can only demonstrate, at best, imperfect enforcement of the no-smoking policy and that "[i]mperfect enforcement of the policy shows, at most, negligence by the defendants, rather than deliberate indifference." *Taylor v. Boot*, 58 F.App'x 125, 127 (6th Cir. 2003). While a no-smoking policy is relevant to the analysis, implementation and enforcement of a no-smoking policy alone does not automatically preclude liability for exposure to ETS. *See Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002) (affirming a district court decision finding an Eighth Amendment violation even though the prison had a no-smoking policy); *Fisher v. Caruso*, No. 03-CV-71804, 2006 WL 2711807, at *12 (E.D. Mich. Sept. 21, 2006). This is because "the mere

existence of non-smoking pods does not insulate a penal institution from Eighth Amendment liability where, as here, a prisoner alleges and demonstrates deliberate indifference to his current medical needs and future health." *Talal*, 403 F.3d at 428.

There remain genuine issues of material fact whether Defendants violated Plaintiff's Eighth Amendment rights. For example, neither party has presented evidence about the amount of smoke that enters Plaintiff's cell, how Defendants enforce the no-smoking policy, what steps have been taken to minimize Plaintiff's exposure to ETS, and how Plaintiff is affected by ETS. In addition to Defendant's liability, these issues of fact are also relevant to whether Defendants are entitled to qualified immunity and to whether Plaintiff is entitled to a preliminary injunction.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #26) is approved and adopted as the opinion of the Court.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket #10) is DENIED.

FINALLY, IT IS ORDERED that counsel shall be appointed for plaintiff and plaintiff's motion for a preliminary injunction (Docket #9) shall be set for hearing.

Dated:  March 26, 2008                                  /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE