UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN KING,

        Plaintiff,

v.

JERI-ANN SHERRY, et. al.,

        Defendants.

        Case No. 2:07-CV-133

        HON. GORDON J. QUIST

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 16, 2010. The Report and Recommendation was duly served on the parties. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. As discussed below, the Court will adopt in part and reject in part the Report and Recommendation.

Plaintiff had a stroke in April 2005, and obtained a special accommodation notice for tobacco free housing on March 13, 2007. Since December 5, 2007, Plaintiff has been housed at the Brooks Correctional Facility in a tobacco free unit. Plaintiff's § 1983 action alleges an Eighth Amendment claim based on exposure to environmental tobacco smoke while Plaintiff was housed at the Chippewa Correctional Facility from January 19, 2007, to December 5, 2007, and at the Brooks facility.

When prison officials ignore a prisoner's serious medical condition such as allergy or asthma relating to second-hand smoke and do not make a good-faith effort to enforce non-smoking policies or to segregate a prisoner from exposure to smoke, a prisoner may state an Eighth Amendment claim based upon exposure to environmental tobacco smoke ("ETS"). *See Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005)(citing *Hunt v. Reynolds*, 974 F.2d 734, 726 (6th Cir. 1992)). A prison official violates the Eighth Amendment when he or she is deliberately indifferent to the serious medical needs of a prisoner. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

### Plaintiff's First Objection - Chippewa Correctional Facility

In his first objection, Plaintiff argues that no facts were presented to the Magistrate Judge to support Defendants Sherry, Boynton, and Mansfield's motion for summary judgment. Plaintiff ignores the facts presented in Defendants' brief, such as the 662 misconduct tickets Defendants issued to prisoners for smoking in-doors between December 28, 2006, and December 27, 2007, which encompasses the time when Plaintiff was housed at the Chippewa facility. (*See* Docket nos. 98-104.) Furthermore, Plaintiff does not point to any facts arising from his stay at the Chippewa facility to prove an issue of fact, and this Court is not required to "'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989)). Therefore, the Court will grant Defendants Sherry, Boynton, and Mansfield's motion for summary judgment.

### Plaintiff's Second Objection - Brooks Correctional Facility

In his second objection, Plaintiff claims that (1) the evolving standards of today's society show that ETS exposure is not tolerated, and (2) his medical records and special accommodation notice establish that he has a serious medical need. These arguments go to the objective element of Plaintiff's Eighth Amendment claim.

To establish the objective inquiry, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). Exposure to ETS which causes "mere discomfort or inconvenience" is insufficient to support an Eighth Amendment claim. *Id*. *See also Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). "The issue then is whether the prisoners' pre-existing medical conditions are such that exposing them to ETS represents a serious health threat or constitutes mere discomfort." *Hunt*, 974 F.2d at 735.

Plaintiff has presented an issue of fact regarding whether he has a serious medical need and whether he endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. Plaintiff had a stroke in April 2005, and was given a special accommodation notice on March 13, 2007, to be in tobacco free housing. (*See* Docket no. 108-2, Ex. 1.) Plaintiff has consistently reported periods of dizziness to the prison physician as a side effect from his stroke. (*See* docket no. 49-9, Ex. 7, 19-20.) Additionally, Plaintiff testified that, *inter alia*, his dizziness increases when exposed to ETS. (*See* Docket no. 58, at 7.) Plaintiff thus has raised an issue of fact regarding whether his exposure to ETS aggravates his medical condition and presents a serious medical need. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (stating that a "medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (citations and quotations omitted)); *see also Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (considering the following factors when evaluating whether a medical need is sufficiently serious: (1) "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (2) "the presence of a medical condition that significantly affects an individual's daily activities;" or (3) "the existence of chronic and substantial pain." (citations and quotations omitted)); *Hunt v. Reynolds*, 974 F.2d 734, 735-36 (6th Cir. 1992) (stating that prisoners "who can attribute their serious medical conditions to smoke[]

are entitled to appropriate medical treatment, which may include removal from places where smoke hovers." (citation and quotations omitted)).

Additionally, Plaintiff's presented affidavits from fellow prisoners, such as Michael Slone and Shane Lucas, stating that Defendants not only house smokers in the tobacco free A-wing at the Brooks facility, but also allowed those prisoners to purchase tobacco products from the facility's store. (*See* Docket no. 108-3, Ex. 14.) The affidavit of Shane Lucas states that Defendants have caught prisoners smoking within the A-wing, and, at times, did not issue those individuals a misconduct ticket. (*See id.*) Plaintiff further pointed to Defendants temporarily housing a smoker with Plaintiff, and the testimony of Pam Cummings, a hearing officer at the Brooks facility, who stated that she was concerned for her own health due to ETS exposure in the A-wing. (*See* Docket no. 76, at 111.) Combined, this evidence is sufficient to raise an issue of fact regarding whether Plaintiff endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. *Compare Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003) (holding that a prisoner who claimed he shared a cell with constant smokers for seven months stated a claim for an Eighth Amendment violation), *with Colon v. Sawyer*, No. 9:03-CV-1018 LEK/DEP, 2006 WL 721763, at *9 (N.D. N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society chooses not to tolerate").

Because Plaintiff established an issue of fact regarding whether he had a serious medical need for a smoke-free environment and whether he endured unreasonably high exposure to ETS, the Court will deny Defendants Berghuuis, Smith, and Caruso's motion for summary judgment on Plaintiff's present injury claim.

**Plaintiff's Third Objection**

In his third objection, Plaintiff argues that Defendants were deliberately indifferent to his serious medical need because (1) the MDOC policy to issue misconduct tickets to smokers does not deter smoking, (2) Defendants never tested for ETS at the Brooks facility, (3) two guards are concerned for their own health due to the ETS at the Brooks facility, and (4) Defendants housed some disabled prisoners in A-wing, and those prisoners smoked even though A-wing was considered "tobacco free" housing.

A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet disregards the risk by failing to take reasonable measures to abate it. *See Brown v. MDOC*, No. 98-1587, 2000 WL 659031, at *1 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994)). Here, Plaintiff raises an issue of fact regarding whether Defendants at the Brooks facility were deliberately indifferent to his medical needs. First, Plaintiff cites the numerous misconduct tickets Defendants issued to prisoners who were caught smoking inside the facility. While imperfect enforcement of a non-smoking policy generally does not rise to the level of deliberate indifference, that enforcement must be in good-faith. *See Talal v. White*, 403 F.3d 423, 428 (6th Cir. 2005). Prior to February 1, 2009, prisoners were allowed to smoke outside. When a prisoner was caught smoking indoors, that prisoner was issued a minor misconduct ticket. (*See* Docket no. 58, at 92.) Plaintiff notes that Diana Martin, a corrections officer at the Brooks facility, testified that the punishment for a prisoner who was caught smoking indoors was the loss of that prisoner's privileges to go outside. (*See id.*) Whether this policy of confining indoor smokers inside the facility was a good faith effort to enforce a non-smoking policy is an issue of fact.

Additionally, as discussed above, Plaintiff cites the affidavits of Michael Slone and Shane Lucas, who detailed their ability to smoke indoors and purchase tobacco products while residing in the tobacco free A-wing. Finally, as Deputy Warden Smith testified, prisoners who have an elevator detail or are confined to a wheelchair are housed in the A-wing, regardless of whether they smoke. (*See* Docket no. 76, at 53.) When these prisoners were caught smoking indoors, Defendants did not move them outside the A-wing and away from the individuals who requested tobacco free housing because of logistical constraints in the Brooks facility. (*See id.*) Combined, Plaintiff's evidence raises a genuine issue of material fact regarding whether Defendants were deliberately indifferent. The Court will thus deny Defendants Berghuis, Smith, and Caruso's motion for summary judgment.

## Qualified Immunity

To the extent Defendants did not waive qualified immunity by failing to object to the Report and Recommendation, this Court finds that Defendants are not entitled to qualified immunity. Viewed in the light most favorable to Plaintiff, Plaintiff has alleged a violation of his Eighth Amendment rights, and Plaintiff has alleged sufficient facts to support his ETS claim based on his serious medical need. Furthermore, Plaintiff's Eighth Amendment right was clearly established. *See Hunt v. Reynolds*, 974 F.2d 734 (6th Cir. 1992). Finally, Plaintiff has alleged sufficient facts and produced sufficient evidence to indicate that Defendants' conduct was objectively unreasonable. Therefore, Defendants Berghuis, Smith, and Caruso are not entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket no. 117) is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of the Court. The Court adopts the Report and Recommendation as it relates to Defendants Sherry, Boynton, and Mansfield, and rejects the Report and Recommendation as it pertains to Defendants

Berghuis, Smith, and Caruso.

**IT IS FURTHER ORDERED** that the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Docket no. 95). The Court grants summary judgment for Defendants Sherry, Boynton, and Mansfield, and denies summary judgment for Defendants Berghuis, Smith, and Caruso. The Court finds Defendants Berghuis, Smith, and Caruso are not entitled to qualified immunity.

**IT IS FURTHER ORDERED** that Plaintiff's motions for a writ of habeas corpus ad testificandum (Docket nos. 94 and 113) are **DISMISSED AS MOOT**. Plaintiff may refile his writ of habeas corpus ad testificandum to conform his witness list to his remaining present injury claim.

Dated: March 29, 2010         /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE