UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN KING,

        Petitioner,

v.                                                      Case No. 2:07-cv-133

PATRICIA CARUSO, et al.,                HON. GORDON J. QUIST

        Defendants.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART,
AND GRANTING SUMMARY JUDGMENT IN PART**

Both Petitioner and Defendants have filed Objections to the Magistrate Judge's Report and Recommendation ("R & R") dated August 17, 2011, in which Magistrate Judge Greeley recommended that Defendants' Motion for Summary Judgment be denied. After conducting a *de novo* review of the R & R, Petitioner's Objection, Defendants' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted, except as to Issue II.

        **I.        Defendant Caruso's Qualified Immunity**

Defendant Caruso objects to the Magistrate Judge's conclusion that Issue I is a question of fact for the jury to decide. Defendant Caruso reiterates the very argument she made to the Magistrate Judge without any additional precedent or argument. The Court agrees with the R & R's analysis and conclusion that Issue I is a question of fact for the jury.

        **II.       Plaintiff's Expectation Damages**

Defendants argue that Plaintiff should not be able to recover damages after February 1, 2009, when the MDOC became smoke free, because Plaintiff has not established that he has an

increased level of medical risk from his prior ETS exposure. Plaintiff claims that Jamie L. Repace, an expert in ETS exposure, will testify that Plaintiff has suffered permanent harm from his exposure to ETS.

Where the basis for awarding damages is the potential risk of susceptibility to future disease, the predicted future disease must be medically reasonably certain to follow from the existing present injury. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1204 (6th Cir. 1988). While it is unnecessary that the medical evidence conclusively establish with absolute certainty that the future disease or condition will occur, mere conjecture or even possibility is not enough to justify awarding damages for a future disability which may never materialize. *Id.*

Plaintiff relies on Jamie L. Repace's affidavit to establish that his predicted future disease is medically reasonably certain to follow, and is not just mere conjecture. One of Repace's two conclusions is that, within a reasonable degree of scientific certainty, it is likely that Mr. King will suffer additional health problems in the future as a result of his exposure to secondhand smoke at the prison, including an increased risk of lung cancer, and heart disease. (Dkt. #153, Ex. 3 at 5.)

Repace is concluding that Mr. King has an increased *risk;* not that Plaintiff will actually suffer from any particular disease. Furthermore, Repace's analysis is not particular, but applies to anyone who ever steps into a room with a someone smoking. To begin, by using the variables Plaintiff provided, Repace finds that Mr. King has an increased risk of mortality of approximately 9 to 19 deaths per 10,000 persons. (Dkt. #153, Ex. 3 at 3, ¶ 1.9 .) Likewise, any person in a room with smokers would have a positive input variable into Repace's algorithm, which would produce a positive number output, and thus an "increased risk of mortality." Then,

in the next paragraph, Mr. Repace compares this risk increase to federal regulatory standards and finds that Plaintiff has suffered a *risk* that would be subject to regulation.  (Dkt. #153, Ex. 3 at 4, ¶ 2.0 .)  This finding tells us nothing more than Plaintiff suffered exposure to second-hand smoke above federal regulatory levels.  Before coming to his conclusion, Mr. Repace presents a general table that shows the elevated risk of lung cancer mortality for ex-smokers, which "implies that the elevated mortality risk for passive smoking also persists."  (Dkt. #153, Ex. 3 at 4, ¶ 2.1, Tables A1, A2 .)  These tables provide common knowledge, but no information in particular about Plaintiff.  Immediately thereafter, Repace concludes by stating "[i]n other words, Mr. King has suffered permanent harm from his SHS exposure at EC Brooks."  (Dkt. #153, Ex. 3 at 4.)  Recall, the "permanent harm" is an increase in the *risk* of death.   Put another way, a person who inhales second-hand smoke will have an increased risk of death, and they may be standing in a room with ventilation standards not up to federal regulatory par.

In *Sterling*, the district court found, just as Repace did, that the plaintiffs had an increased risk for susceptibility to cancer and other diseases.  *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1205 (6th Cir. 1988).  The court said that an increased risk of twenty-five to thirty percent did not constitute a reasonable medical certainty, but rather mere possibility or speculation.  *Id.*  The court rejected plaintiffs' arguments because no expert witness testified that any plaintiff had more than a fifty percent chance of developing cancer or a liver disease as a result of their exposure to the defendant's chemicals.  *Id.*

Likewise, Plaintiff has no expert to testify that he has more than a fifty percent chance of developing a future disease due to Defendants' actions.  Taking Repace's findings as correct, the only thing that plaintiff can say for sure is that he has suffered an *increased risk* of a developing

3

a future disease due to second-hand smoke exposure.

In a very similar case, the Seventh Circuit, applying Illinois law, upheld the district court's dismissal of the plaintiff's future damages claim. *Henderson v. Sheahan*, 196 F.3d 839, 853 (7th Cir. 1999). In *Henderson*, the plaintiff provided a medical doctor who said, in general, exposure to excessive levels of second-hand smoke leads to a twenty percent increase in the risk of a disease. *Id.* at 852. Dr. Klein could not say, however, whether a particular person exposed to ETS will develop a smoking-related disease. *Id.* The court dismissed the case on summary judgment because the plaintiff could not proffer "competent and reliable expert medical testimony that there was a reasonable medical certainty that he himself faces some defined level of increased risk." *Id.*

Mr. Repace's affidavit does, in fact, provide particular evidence that Plaintiff suffers an increased risk. The problem is, however, Repace does not opine to the *defined level* of increased risk - he can only say for certain that there is an increased risk. Essentially, he is saying the same thing as the expert in *Henderson*: Plaintiff has an increased risk of developing a medical condition due to exposure of second-hand smoke, but that exact increase in risk for Plaintiff is uncertain. The Court finds that this evidence amounts to mere conjecture and possibility, and not a predicted future disease that is medically reasonably certain to follow. *See also Davis v. Bell*, No. 1:06-cv-690 (W.D. Mich. Filed Jan. 16, 2009) (Order Adopting Report and Recommendation) (dismissing a claim of future damages for ETS exposure because the plaintiff had no specific evidence, besides a report from the Surgeon General regarding the effects of second-hand smoke, to support his future damages claim).

Viewing all evidence in the light most favorable to the nonmoving party, Plaintiff lacks

sufficient evidence on which the jury could reasonably find for him on his claim to future damages.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 17, 2011 (Dkt. #163) is **ADOPTED IN PART**.  It is adopted except to the extent it denies Defendants' motion as to Issue II.

**IT IS FURTHER ORDERED** that Plaintiff's objection is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' objections are **DENIED** as to Issue I, but **GRANTED** as to Issue II.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (Dkt. # 144), is **GRANTED IN PART,** and **DENIED IN PART**.  It is **DENIED** as to **ISSUE I**, and **GRANTED** as to **ISSUE II**.

Dated:  September 16, 2011            /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE